IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:   TAX RETURNS AND RETURN INFORMATION<br><br>GRAND JURY INVESTIGATION | *<br>*<br>*   MJ NO. 19-mj-71<br>*<br>*   TO BE FILED *EX PARTE* AND<br>*   UNDER SEAL |

**UNITED STATES' APPLICATION FOR *EX PARTE* ORDER TO DISCLOSE STATE TAX RETURNS AND RETURN INFORMATION**

Comes now the United States of America, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, and pursuant to Alabama Code § 40-2A-10(a), applies to the Court for an *ex parte* order directing the Alabama Department of Revenue to disclose to the applicant and others hereinafter named tax returns, return information, and other tax financial information regarding the following persons and entities:

**Name:** ▇▇▇
**SSN:** ▇▇▇

**Name:** ▇▇▇
**EIN:** ▇▇▇

for the taxable periods of **2015**, **2016**, **2017**, and **2018**.

In support of its application, applicant alleges and states the following:

▇▇▇ (U.S. citizen) owns and operates ▇▇▇ In addition, ▇▇▇ is the incorporator or president of ▇▇▇ and ▇▇▇

1

There is reasonable cause to believe, based upon information deemed to be reliable gathered during an ongoing criminal investigation, that ▮ is using ▮▮▮▮▮▮▮▮ to launder proceeds ▮ knows are connected to a human sex trafficking and prostitution ring.

Title 18, United States Code, Section 1956(a)(1)(A)(i) prohibits promotional money laundering. To be convicted of this offense, the United States must prove the following elements beyond a reasonable doubt:

(1) The defendant conducted or attempted to conduct a financial transaction;

(2) The defendant knew the property involved in the transaction represented the proceeds of unlawful activity;

(3) The property involved was in fact the proceeds of a specified unlawful activity; and

(4) The defendant conducted the financial transaction with the intent to promote the carrying on of the specified unlawful activity.

*See United States v. Frazier*, 605 F.3d 1271, 1281 (11th Cir. 2010). Section 1956(c)(7) lists the specified, including "trafficking in persons, selling or buying of children, sexual exploitation of children, or transporting, recruiting, or harboring a person, including a child, for commercial sex acts." 18 U.S.C. § 1956(c)(7)(B)(vii).

Based on information learned during an ongoing FBI investigation, there is reason to believe ▮ is using ▮▮▮▮▮▮▮▮ to launder the proceeds of a criminal commercial sex enterprise. The following is a summary of this on-going investigation:

2

Case 1:19-mj-00071-MU *SEALED* Document 1-1 Filed 03/26/19 Page 3 of 5
Case 1:19-mj-00071-MU *SEALED* Filed 03/26/19 Page 3 of 5
PageID #: 3

Publicly available data on Google and other travel-related websites suggests that the ▆▆▆▆▆▆ is a known location for prostitution. Based on a preliminary financial review, ▆▆▆▆▆▆ appears to operate primarily as a cash business which is unusual for a motel. Investigators used an undercover agent to contact a commercial sex worker and request an in-person meeting. This subject suggested the ▆▆▆▆▆▆ as the location for their meeting. Upon meeting, the undercover agent was instructed by the subject to go inside and rent a room. When the agent complied, the ▆▆▆▆▆▆ employee asked "for an hour?" indicating that it is the normal course of business to rent rooms in this fashion. Furthermore, based on the subject's familiarity with the ▆▆▆▆▆▆ policies it is reasonable to assume that commercial sex workers could be familiar to ▆▆▆▆▆▆ employees who continue to rent hourly rooms to the same patrons multiple times. The undercover agent also noted that the room featured complementary pornography on the television which is unusual for a ▆▆▆▆. In 2017, ▆▆▆▆ spent approximately $23,000 on the installation of new televisions and a satellite system in the ▆▆▆▆ which are used to provide this free pornography. Use of a pole cam to observe the ▆▆▆▆▆▆ revealed an unusually high amount of customer traffic; far above the motel's capacity for overnight guests. The number of unique vehicles visiting the ▆▆▆▆▆▆ each day suggests that the majority of customers are renting rooms by the hour. A review of banking records for ▆▆▆▆▆▆▆▆▆▆▆▆ shows the following examples of ▆▆▆▆▆▆ reinvesting proceeds from these hourly customers into the motel.

1. $16,274.35 on 05/22/2017 to purchase new televisions for the ▆▆▆ rooms (Check #1779)
2. $4,585.25 06/01/2017 for an upgrade to the ▆▆▆▆ cable system (Check #1790)
3. $2,434.50 on 07/12/2017 for installation of DirectTV (Check #1811)
4. $11,233.00 on 10/19/2017 for roof repairs (Check #1873 and #1874)

3

There is reasonable cause to believe that the above-described returns and return information may be relevant to a matter relating to the possible violations of said criminal statute. The tax information may assist agents in learning the source of the cash, other co-conspirators and if taxable income is being reported or being fraudulently reported.

The returns and return information are sought exclusively for use in a federal criminal investigation or proceeding concerning such act.

The information sought to be disclosed cannot reasonably be obtained, under the circumstances, from another source.

The United States also requests the Court to order the Alabama Department of Revenue to certify, where returns and return information described above have not been filed or are not on file with the Alabama Department of Revenue, that no such returns and return information have been filed or are on file.

The United States also requests the Court to order the Alabama Department of Revenue to also provide any and all income information and records for the above subjects, independent of whether or not a return was filed, for each year up to and including income information the Alabama Department of Revenue has on file for the current year. As such, the United States requests a certification from the Alabama Department of Revenue of the income information it has for each year regarding the subjects, independent from the tax return information.

The United States also requests the Court to order the Alabama Department of Revenue to disclose such returns and return information described above as come into the possession of the Alabama Department of Revenue subsequent to the date of this Order, but for not longer than 90 (ninety) days thereafter.

4

Case 1:19-mj-00071-MU *SEALED* Document 1-1 Filed 03/28/19 Page 5 of 5
Case 1:19-mj-00071-N *SEALED* Filed 03/28/19 Page 5 of 5
PageID #: 5

Applicant further alleges and states that she, Special Agent Carolyn Middleton of the FBI in Mobile, is personally and directly engaged in investigating this case. The information sought herein is solely for our use for that purpose. No disclosure will be made to any other person except in accordance with the provisions of applicable law.

Applicant states that the subjects of this Application are the subject of a pending investigation in this District. Publication of the Application and Order would compromise that investigation, and the failure to seal the Application and Order would result in the public disclosure of confidential information relating to the identified taxpayer.

Therefore, applicant prays that this Court enter an order, *ex parte* and under seal, on this application granting disclosure by the Alabama Department of Revenue of the returns and return information specified in this application. Applicant further requests that this application, and any order resulting therefrom, be sealed pending further order of the Court.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

By: *Christopher J. Bodnar*
Christopher J. Bodnar
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone: (251) 415-7188